**EBI SECURITIES CORPORATION, INC., a Colorado Corporation on behalf of itself and Net Command Tech, Inc., f/k/a Corsaire, Inc., f/k/a Corsaire Snowboard, Inc., Plaintiffs,**

v.

**Rene Michael HAMOUTH, individually, the Hamouth Family Trust, 411396BC, Ltd., and Net Command Tech, Inc., a Delaware Corporation, f/k/a Corsaire, Inc., f/k/a Corsaire Snowboard, Inc., Defendants.**

No. CIV.A.99–K–1361.

United States District Court, D. Colorado.

Feb. 3, 2004.

Dennis A. Graham, Krys, Boyle, Denver, CO, for Plaintiffs.

Mark J. Appleton, Robinson, Waters & O'Dorisio, P.C., Stephen G. Masciocchi, Holland & Hart, LLP, Jeffrey J. Scott, Scott & Associates, PC, Thomas D. Birge, Carla B. Minckley, Birge & Minckley, PC, Denver, CO, for Defendants.

## ORDER ON REMAND

KANE, Senior District Judge.

On October 11, 2001, I entered default judgment against Defendants Rene Michael Hamouth ("Hamouth"), The Hamouth Family Trust ("Trust") and 4111396BC, Ltd. ("BC") (collectively "Hamouth Defendants") as a sanction for their deliberate flouting of this Court's discovery order. Defendants timely appealed and on December 22, 2003, the United States Court of Appeals for the Tenth Circuit reversed and remanded that judgment for a recitation of the factual findings underlying my determination to enter default judgment. *See EBI Securities Corp. v. Net Command Tech, Inc.*, No. 01–1524, 85 Fed.Appx. 105, Order and Judgment (Dec. 22, 2003) [hereinafter "Order and Judgment"]. This Order sets forth those findings and reenters default judgment against Defendants consistent with those findings.

### *BACKGROUND*

Plaintiff EBI Securities Corp., Inc. ("EBI"), a shareholder in Net Command Tech, Inc., f/k/a Corsaire Snowboard ("Corsaire"), filed this action in July, 1999, alleging the Hamouth Defendants[1] had wrongfully realized short-swing profits from trading

---

1. Net Command Tech, Inc. is also a nominal defendant in this action.

Corsaire common stock in violation of section 16(b) of the Securities Act of 1934, 15 U.S.C. § 78p(b). Mr. Hamouth was a director and controlling stockholder of Corsaire during the time in question and beneficially owned and controlled or directed the Trust and BC. Mr. Hamouth is a Canadian citizen residing in Canada.

Canadian officials served the summons and complaint on the Hamouth Defendants on November 9, 1999. On November 29, attorney Jeffrey J. Scott entered an appearance on their behalf and requested an extension to December 20, 1999, to file their answer. I granted this request.

Shortly thereafter, attorney Scott moved to withdraw as counsel for the Hamouth Defendants. In his motion and notice to his clients, Scott advised the Hamouth Defendants that they were personally responsible for complying with the Court's deadlines, would not be permitted to appear in this action without counsel and warned them that "[a]bsent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against them." Mot. to Withdraw and Notice at 2 (filed Dec. 10, 1999). Scott also reported that he had provided the Hamouth Defendants with copies of the Complaint and the Order extending time to answer or otherwise respond until December 20, 1999. *Id.* Both this Motion and Notice and my December 13, 1999 Order granting counsel's motion to withdraw were served on the Hamouth Defendants.

The Hamouth Defendants failed to answer or respond to EBI's complaint by the December 20, 1999 deadline or otherwise. Consequently, on February 2, 2000, EBI filed a motion for entry of default and default judgment. EBI's motion was granted the following day and, on February 15, 2000, default judgment was entered against the Hamouth Defendants for the first time in this action.

On the same day default judgment was entered, the Hamouth Defendants' second attorney, Mark Appleton, entered his appearance and filed a motion for reconsideration of my order granting EBI's motion for entry of default judgment. The Hamouth Defen-

dants' motion alleged, among other things, that they "were unable to retain counsel" in the more than seven weeks that elapsed between their first attorney's withdrawal and EBI's motion for entry of default and default judgment. Noting this representation and that they had not received the required three days written notice of the application for default judgment, *see* Fed.R.Civ.P. 55(b)(2), I granted the Hamouth Defendants' motion and vacated default judgment in an order entered on March 16, 2000.

From this point, this action apparently proceeded without incident for nearly six months, during which the Hamouth Defendants answered the complaint and participated in preparation of a Stipulated Scheduling and Discovery Order. Problems began anew, however, after EBI served the Hamouth Defendants with its first set of discovery requests on August 17, 2000. The Hamouth Defendants did not respond to these requests even after EBI informally granted two extensions based upon opposing attorney Appleton's repeated representations that his clients would be responding shortly.

On January 19, 2001, after months of delay and broken promises, EBI finally moved to compel a response to its August 17, 2000 discovery requests and for sanctions. In their response to this motion, filed February 13, 2001, the Hamouth Defendants acknowledged their failure to respond as required by the Federal Rules and offered no explanation for this failure other than Mr. Hamouth's busy travel schedule. On March 7, 2001, more than five months after they were initially due, the Hamouth Defendants served an unverified response to EBI's August, 2000 discovery requests.

At the March 27, 2001 hearing on EBI's motion to compel, defense counsel Appleton admitted the March 7 response was incomplete and needed to be supplemented and verified. In response to EBI's argument that many of the responses were not credible, he stated that he had been "relying on [Mr. Hamouth's] word to date" with regard to the information provided in the discovery responses and that he had "no reason to believe what he's telling me is not accurate at

this point in time." Tr. at 10 (Mar. 27, 2001). Mr. Appleton also suggested that the best way to test the truth of Mr. Hamouth's responses was for the parties to move forward with the deposition of Mr. Hamouth, which was to take place after the Hamouth Defendants responded fully to EBI's discovery requests. *Id.* at 3–4, 10–11.

At the close of argument at the March 27, 2001 hearing, Magistrate Judge Boyd N. Boland granted EBI's motion to compel and for sanctions. In a written order entered the following day, Magistrate Judge Boland found "[t]here had been no adequate showing of good cause to justify" the Hamouth Defendants' failure to respond fully and in a timely fashion to EBI's August, 2000 discovery requests. Order at 2 (March 28, 2001). He further found "it is the [Hamouth] defendants, and not their lawyer, who have failed to cooperate in the discovery process" and therefore ordered the Hamouth Defendants to pay EBI sanctions in the form of the reasonable expenses EBI had incurred bringing its motion to compel. Because the Hamouth Defendants had failed to show good cause for their failure to respond or serve objections to EBI's August, 2000 discovery requests in the time required, Magistrate Judge Boland also ordered that all objections to these requests had been waived. Finally, the March 28, 2001 order required the Hamouth Defendants to answer all of EBI's interrogatories and produce all documents responsive to its production requests no later than April 10, 2001.

The Hamouth Defendants did not comply with the March 28, 2001 order. As a result, on April 17, 2001, EBI filed a motion for an order to show cause why the Hamouth Defendants should not be held in contempt for violating this discovery order. The Hamouth Defendants' second attorney, Mr. Appleton, then moved to withdraw, asserting that he and his clients "have been unable to agree on certain issues regarding the representation by the undersigned of said parties, which preclude the undersigned from continuing to represent" them. Mot. to Withdraw and Notice at 1–2 (filed Apr. 25, 2001). The following day, before his motion to withdraw could be acted upon, Mr. Appleton filed a response to the order to show cause on behalf of the Hamouth Defendants in which he acknowledged that the requested documents had not been produced to EBI.

I granted Mr. Appleton's motion to withdraw and set a hearing on EBI's show cause motion for May 22, 2001. This hearing was vacated, however, at the request of the parties based on their reported entry into a settlement agreement.

EBI waited three months for Mr. Hamouth to tender the payment required by the settlement agreement, and, when he failed to do so, requested that I revive this action. I granted this request and on August 27, 2001, rescheduled the hearing on EBI's motion to show cause for September 24, 2001.

The Hamouth Defendants failed to appear for the show cause hearing. I declared them in default and set a hearing for October 9, 2001 to hear evidence on and enter an amount in default judgment. I further directed EBI to serve the Hamouth Defendants with notice of the entry of default and of the October 9 hearing by certified mail, return receipt requested and by ordinary mail to ensure that they received notice of this hearing. EBI complied with this order and also served an amended notice informing the Hamouth Defendants that the scheduled hearing had been reset for October 11, 2001.

The Hamouth Defendants did not appear at the hearing on October 11, 2001. After hearing argument and considering evidence presented by EBI, I ordered default judgment entered in EBI's favor against the Hamouth Defendants in the amount of $359,724.05. This judgment was entered October 12, 2001.

The Hamouth Defendants, through a third attorney, timely filed a notice of appeal of this judgment on November 9, 2001. This attorney, Stephen G. Masciocchi, promptly moved to withdraw from representing the Hamouth Defendants in this matter. The appeal was then prosecuted by a fourth set of attorneys who themselves petitioned to withdraw as counsel for the Hamouth Defendants after briefing was completed. On December 22, 2003, the Tenth Circuit issued its Order and Judgment reversing and remanding the

October 12, 2001 judgment for additional findings consistent with its decision in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir.1992).

### DISCUSSION

In *Ehrenhaus*, the Tenth Circuit considered a district court's dismissal of an action with prejudice as a sanction under Rule 37(b)(2)(C) for Plaintiff's violation of a discovery order. This Rule permits a court to issue "[a]n order . . . dismissing the action" "[i]f a party fails to obey an order to provide or permit discovery." Fed.R.Civ.P. 37(b)(2)(C). The Tenth Circuit stated that the district court's discretion to impose this sanction is limited to cases in which the sanction of dismissal is "just" and "related to the particular 'claim' which was at issue in the order to provide discovery." *Ehrenhaus*, 965 F.2d at 920 (internal quotation omitted). In determining whether dismissal is a just sanction, the Tenth Circuit stated district courts should ordinarily consider at least the following factors: (1) the culpability of the non-complying party; (2) the degree of actual prejudice to the party seeking discovery; (3) the amount of interference with the judicial process; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* at 921. It also stated that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct" and that "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (quotation omitted).

On appeal, the Hamouth Defendants argued I had failed to make adequate findings as to two of the cited factors: (1) their culpability for what they termed their "discovery difficulties," and (2) the efficacy of lesser sanctions. Order and Judgment at 8. Noting that the Hamouth Defendants had not challenged my consideration of the other *Ehrenhaus* factors, the Tenth Circuit deemed these factors to have been conceded in favor of EBI and hence the default judgment entered in its favor. *Id.* at 8 n. 2. Nonetheless, the Tenth Circuit suggested it would be helpful on remand if I recited my findings on the conceded factors, and I will do so.

The first *Ehrenhaus* factor to be considered is the culpability of the Hamouth Defendants in failing to comply with the March 28, 2001 order compelling them to respond fully to EBI's August 17, 2000 discovery requests by April 10, 2001. I find based on the record summarized above that this non-compliance was not inadvertent, involuntary or otherwise excusable but rather was the result of the willful, bad faith refusal of Mr. Hamouth and the related defendants to comply with the discovery rules and orders of this Court.[2] There can be no doubt that the Hamouth Defendants were aware of their obligation to respond fully to EBI's discovery requests by April 10, 2001 pursuant to the March 28, 2001 order. Consistent with their dilatory and uncooperative conduct throughout this action, the Hamouth Defendants did not produce the requested documents by this deadline, seek an extension of this deadline or offer any explanation in their response to EBI's motion for an order to show cause for their non-compliance. Instead, the Hamouth Defendants essentially stated in this response that they were working on providing the requested information and documents and would be producing them shortly. This assertion does not excuse these Defendants' failure to obey the Court's discovery order or the seven months that had passed, as of the date of EBI's motion for order to show cause, since the Hamouth Defendants' original September, 2000 deadline for responding to EBI's discovery requests. I find further, consistent with the findings in the March 28, 2001 order, that it was Mr. Hamouth, rather than his long-suffering counsel, who was responsible for the Hamouth Defendants' willful non-compliance.

I also find EBI was severely prejudiced by the Hamouth Defendants' failure to

**2.** The Tenth Circuit concurred in this assessment, observing that "the record on appeal strongly suggests that defendants were generally uncooperative and personally responsible for the failure to respond to the court's discovery order." Order and Judgment at 8.

comply with the March 28, 2001 discovery order. EBI delayed bringing its motion to compel for months in reliance on the defendants' representations that its discovery responses would be served shortly. The information and documents requested by EBI in its August, 2000 discovery requests went to the heart of its claim and the counterclaims asserted by the Hamouth Defendants. Without these documents, EBI could not pursue other key discovery, such as taking Mr. Hamouth's deposition. The Hamouth Defendants' refusal to produce this information and documents even in the face of an order compelling them to do so added to this prejudice by further delaying this action and causing EBI to incur additional fees and costs.

The Hamouth Defendants' disregard of the March 28, 2001 order inevitably interfered with the judicial process. As noted by the *Ehrenhaus* court, if a party "could ignore court orders here without suffering the consequences, then the district court cannot administer orderly justice, and the result would be chaos." 965 F.2d at 921 (quotation omitted).

The record also reflects that the Hamouth Defendants were warned that default judgment would be a likely sanction for non-compliance with the March 28, 2001 discovery order. This notice was conveyed in the Notice and Amended Notice served on these Defendants by facsimile, overnight delivery and U.S. mail on September 25 and September 26, 2001. The Hamouth Defendants also received notice via Mr. Appleton's Motion to Withdraw, filed April 25, 2001, that default judgment was a possible sanction if they failed to retain counsel to address, among other things, the pending Motion for Order to Show Cause why these defendants should not be held in contempt for disregarding the Court's March 28, 2001 discovery order.

The final factor to be considered under *Ehrenhaus* is the efficacy of a lesser sanction than dismissal or default judgment as a sanction for the Hamouth Defendants' non-compliance with the Court's order. Although I considered lesser sanctions such as striking the Hamouth Defendants' counterclaims, under the circumstances of this case, I do not believe a lesser sanction than default judgment would cure the prejudice to EBI or deter additional misconduct by the Hamouth Defendants. From the very beginning of this action, the Hamouth Defendants evinced an almost total disregard for United States courts and their rules and procedures. Mr. Hamouth manipulated and imposed on the goodwill of this Court, EBI and its counsel and his own attorneys to delay this action and prevent it from being decided on the merits. That the Hamouth Defendants entered into a settlement agreement that allowed them to avoid any consequences for violating the Court's discovery order, and then breached that agreement, further supports my finding that these Defendants acted willfully and in bad faith in disobeying this Court's order and in their general conduct of this action. Given the consistency of Mr. Hamouth's misconduct over the two plus years this action was pending before me and the many opportunities he had along the way to take a different path, I have no reason to believe that any sanction other than entry of default judgment will deter him from repeating this conduct in this or other actions in United States courts.

For the reasons described above, I find entry of default judgment is a just sanction for the Hamouth Defendants' failure to comply with the Court's March 28, 2001 discovery order and that this sanction properly relates to the discovery that was the subject of that order. Accordingly, I order that default judgment be entered for Plaintiff EBI Securities Corp. and against Defendants Rene Michael Hamouth, The Hamouth Family Trust and 4111396BC, Ltd. The amount of that judgment shall be $359,724.05 based on the evidence and findings made at the October 11, 2001 hearing in this action.

IT IS SO ORDERED.